■ In the Matter of TAMMY UU. and Others, Children Alleged to be Permanently Neglected. ANDREW M. ROTHSTEIN, as Law Guardian, Respondent; SHARON UU., Appellant, et al., Respondent. [610 NYS2d 886] —Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered September 11, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected and terminated respondents' parental rights.

Family Court did not err in concluding that petitioner established by clear and convincing evidence that diligent efforts were made to encourage and strengthen the parental relationship and to reunite the children with their parents. The court's conclusion that, despite these efforts, there was a failure to adequately plan for the children's future should also not be disturbed. The remaining arguments raised in support of this appeal have been considered and rejected as either lacking in merit or unpreserved for our review.

Cardona, P. J., Mercure, White, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD P. HORNICK, Appellant. [610 NYS2d 886] —Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 26, 1993, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Upon his plea of guilty, defendant was sentenced as a second felony offender to a term of imprisonment of 1½ to 3 years. Defendant's only contention on this appeal is that the sentence imposed is harsh and excessive. Defendant pleaded guilty knowing that he would receive the sentence ultimately imposed, which is the most lenient possible under the circumstances of this case. Given these facts, and in view of defendant's prior criminal record, we find no basis to disturb the sentence imposed by County Court.

Cardona, P. J., Crew III, Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed.